True, it was to be an equality of proportion, but also an equality of the proportion coming to them. In a narrow sense, nothing comes to either of them, so far as concerns the principal, except so much as they are permitted to withdraw from the trust, but I am not disposed to rest my decision upon that narrow construction. I prefer to stand upon the broader, and, as I think, safer, ground, that the testator's agreement was to treat all of his children alike. If the seventh codicil be enforced, it is clear that all are not treated alike. My conclusion, therefore, is that the seventh codicil, so far as it affects the plaintiff's share of the estate, is violative of the antenuptial contract, and is therefore void. Demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer within 20 days upon payment of costs.

Demurrer overruled, with costs, with leave to defendant to withdraw and answer within 20 days upon payment of costs.

---

(44 Misc. Rep. 30.)

## GOODKIND v. METROPOLITAN ST. RY. CO

(Supreme. Court, Special Term, New York County. June, 1904.)

1. Costs—Trial Exceeding Two Days.

    After an attorney for plaintiff had examined and accepted the jury, the attorney for defendant, while examining them, asked an adjournment until the next day. The court stated that the case was to be considered on trial, and it appeared in the New York Law Journal of the next day as on trial on the previous day and unfinished. The case was tried during the next two days. *Held*, that defendant was liable for costs on judgment for the plaintiff in the sum of $10 for a trial occupying more than two days.

Action by Abraham Goodkind against the Metropolitan Street Railway Company. Judgment for plaintiff. Motion for retaxation of costs denied.

See 87 N. Y. Supp. 523.

Henry A. Robinson (Lee Parsons, of counsel), for motion.
Otto Horwitz, opposed.

GEIGERICH, J. The defendant insists that the clerk was in error in taxing the item of. $10 for trial occupying more than two days. The facts are undisputed, and both sides concede that the question presented is a new one. That the case was actually on trial on the 24th and 25th days of May is not disputed, the controversy being as to whether the occurrences on May 23d were such as to warrant the conclusion that the case was on trial upon that day also. The jury was examined by the plaintiff's attorney and was accepted on the 23d. Thereafter, on the same day, the attorney for the defendant examined the jury, and, in the midst of such examination, stated to the justice presiding that the counsel who was to try the action was not prepared to go on, and desired an adjournment until the next day. The court then stated that counsel in the case should consider themselves engaged for the trial of the action in that part of the court, and the case considered on trial in that part. No objec-

tion was made by either party to such ruling. On May 24, 1904, there appeared in the Law Journal the following:

"Supreme Court—Trial Term, Part VII. Before MacLean, Judge—Goodkind v. Met. St. Ry. O. Horwitz for plaintiff; H. A. Robinson for defendant. Case unfinished."

Under these circumstances, I think it quite clear that the clerk was right in considering that the trial began on the 23d, and occupied more than two days.

Motion denied, with $10 costs.